# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**ABDUR-RAUF A. RASHID,**

       **Plaintiff,**

-vs-                                  **Case No.  3-:04-CV-291**

**COMMUNICATIONS WORKERS OF**
**AMERICA, AFL-CIO, et al.,**

                                           **Judge Thomas M. Rose**

       **Defendants.**

_____

### ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. #5) AND GRANTING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION TO STRIKE

_____

This matter arises from the termination of Plaintiff Abdur-Rauf A. Rashid's ("Rashid's") employment at US Airways and its predecessor companies. The Communications Workers of America ("CWA") and CWA Local 4404 (collectively the "Defendants") were Rashid's exclusive collective bargaining representatives to US Airways at all times relevant.

On July 18, 2001, US Airways terminated Rashid's employment. Defendants grieved the termination as being in violation of the collective bargaining agreement (the "CBA"). On April 23, 2003, an arbitration hearing on the grievance was held before a System Board of Adjustment (the "Board") consisting of Margery E. Gootnick, an impartial arbitrator, Ron Rhoderick, US Airways' aribtrator and Vicki Sheffey, the Defendants' arbitrator.

Page number sixteen (16) of the Board's decision (the "June 2003 Decision") awarded Rashid reinstatement to his position as a reservation clerk, with his seniority intact, and stated that Rashid shall not receive any back pay or contractual benefits for the period from his

discharge to his reinstatement. Page number eighteen (18) of the decision, sent to Rashid by the Defendants and signed by Vicki Sheffey, states, "CWA concurs in the result; however, it notes that during the Executive Session discussions the Neutral Arbitrator determined that, if when (sic) Mr. Rashid is reinstated to the seniority list, he is on furlough status, he shall be entitled to all furlough pay and benefits afforded full-time employees of his seniority under the Collective Bargaining Agreements. It is with this understanding of the award that CWA concurs."

On October 19, 2001, while Rashid's grievance was pending, US Airways closed its Dayton Reservation Center thereby eliminating Rashid's position. Employees that held the same position as Rashid were offered to transfer to other locations or offered paid furlough benefits. Rashid allegedly relied upon the representations contained in page eighteen (18) of the Board decision and opted for furlough benefits.

US Airways refused to provide furlough benefits to Rashid. On February 18, 2004, another arbitration hearing was held before the Board which consisted of the same members as the Board that heard Rashid's prior grievance regarding his termination. This second hearing was to determine whether Rashid was entitled to paid furlough benefits because the position that he was to be reinstated into, without back pay, had been eliminated.

On March 27, 2004, the Board issued a decision (the "March 2004 Decision") denying Rashid furlough benefits on the basis that furlough benefits are a contractual benefit and the June 2003 Decision denied Rashid contractual benefits from the date of his discharge through the date of his reinstatement.

The March 2004 Decision states that Board members Margery E. Gootnick and Ron Rhoderick had no recollection of the information identified in page eighteen (18) of the June

2003 Decision being discussed in executive session and found this information to be factually inaccurate. Further, Gootnick and Rhoderick indicated that they saw page eighteen (18) of the June 2003 Decision for the first time at the February 18, 2004, hearing. Page eighteen (18) was undated and attached to the decision following the signature sheet.

Based upon the aforementioned allegations, Rashid has brought a Complaint against the Defendants seeking two claims for relief. The First Claim for Relief is for violation of the Labor Management Relations Disclosure Act (the "LMRDA"), Union Members Bill of Rights, 29 U.S.C. §411. Rashid's Second Claim for Relief is for violation of the duty of fair representation (the "DFR") that Defendants owe him pursuant to 45 U.S.C. §151 et seq. Rashid's Complaint seeks compensatory damages, punitive damages and attorneys' fees and costs.

Now before the Court is the Defendants' Motion To Dismiss and To Strike. (Doc. #5.) This motion is fully briefed and now ripe for decision. The Defendants seek dismissal of Rashid's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and seek to strike Rashid's Demands for relief pursuant to Fed.R.Civ.P. 12(f). The standard of review will first be set forth followed by an analysis of the motion.

**STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about

the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*; see also Wright & Miller, *supra*, §1357.

The Defendants also seek dismissal of Rashid's demands based upon Fed.R.Civ.P. 12(f). Rule 12(f) provides that, upon proper motion or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The analysis now turns to the Defendants' Motion To Dismiss.

## MOTION TO DISMISS

The Defendants seek to dismiss both Claims for Relief as well as Rashid's Demands for relief. Each Claim for Relief will be addressed followed by the demands.

### First Claim for Relief: Violation of the LMRDA

The Defendants seek dismissal of Rashid's First Claim for Relief for failure to state a claim upon which relief can be granted. Rashid responds that he is willing to dismiss this Claim for Relief with prejudice. Therefore, the Defendants Motion To Dismiss Rashid's First Claim for Relief is GRANTED and Rashid's First Claim for Relief for violation of the LMRDA is DISMISSED.

### Second Claim for Relief: Violation of the DFR

The Defendants seek dismissal of Rashid's Second Claim for Relief arguing that Rashid does not state a claim upon which relief can be granted. The basis for this argument is that Rashid has failed to allege any breach of contract by the employer and is required to do so. Rashid responds that he is not required to allege a breach of contract by the employer.

The DFR was first recognized by the Supreme Court in a case arising under the Railway Labor Act (the "RLA"). *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 46 (1979). Because Rashid was employed by an air carrier subject to the RLA, he presumably premises his Second Claim for Relief upon the RLA rather than the Labor Management Relations Act (the "LMRA," 29 U.S.C. §185). However, courts have generally applied the same standards to DFR cases brought under both the RLA and the LMRA. *See e.g., Foust*, 442 U.S. 42; *Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188 (3rd Cir. 1984).

The Supreme Court has long recognized that a labor organization has a statutory DFR. *Breininger v. Sheet Metal Workers International Association Local Union No. 6*, 493 U.S. 67, 73 (1989).The DFR is "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). The DFR is the means of enforcing the principle that, "no individual union member may suffer invidious, hostile treatment at the hands of the majority of his coworkers. *Breininger*, 493 U.S. at 79 (citing *Amalgamated Ass'n of St. Elec. Ry. and Motor Coach Emp. of America v. Lockridge*, 403 U.S. 274, 301 (1962)). Further, the DFR serves "to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." *Id.*

The Defendants here argue that a DFR claim is inextricably intertwined with a breach-of-contract claim against the employer. However, this is not necessarily the law.

The Supreme Court has determined that employees may bring a suit against both their employer and their union for breach of a collective bargaining agreement. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163-65 (1983). Where a suit is brought against both the employer and the union, it is termed a "hybrid" action. Such a suit comprises two causes of action. *Id.* The suit against the employer is based upon §301 of the LMRA. *Id.* The suit against the union is one for breach of the union's DFR. *Id.* "Yet the two claims are inextricably interdependent." *Id.*

The Supreme Court has also determined that a claim for breach of a union's DFR does not require a concomitant claim against the employer for breach of contract. *Breininger*, 493 U.S. at 80. *Breininger* refers to the earliest DFR suits involving claims against the union for

breach of the DFR in negotiating a collective bargaining agreement, a context in which no contract is possible. *Id.* The Supreme Court has also determined that, even in a "hybrid" situation, the employee may, if he chooses, sue one defendant and not the other. *DelCostello*, 462 U.S. at 165.

The Sixth Circuit has more recently confirmed that a DFR claim against a union does not require a breach-of-contract claim against the employer. *Pratt v. United Automobile, Aerospace and Agricultural Implement Workers of America*, 939 F.2d 385, 388 (6th Cir. 1991). In *Pratt*, the plaintiff realized that he had no claim against his employer under the collective bargaining agreement when his union allegedly failed to properly assist him in resolving difficulties with absences. *Id.* at 389. The Sixth Circuit has also recognized an allegation that the union had misrepresented facts underlying the negotiation of an agreement as actionable without a breach-of-contract claim against the employer. *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 561 (6th Cir. 1990) (citing *Anderson v. United Paperworkers International Union*, 641 F.2d 574, 576 (8th Cir. 1981)).

In this case, Rashid does not allege that his employer breached the collective bargaining agreement. His allegation is that the Defendants breached their DFR. They allegedly breached their DFR by attaching page eighteen (18) to the initial decision. "By attaching page eighteen (18) to the initial decision, Defendants acted discriminatorily, arbitrarily, irrationally, and in bad faith by going beyond the scope of their authority and the realm of reasonableness to amend the written decision of the Systems Adjustment Board thereby misleading Plaintiff into believing that he had a right to furlough benefits." (Compl. ¶24.)

Count Two of Rashid's Complaint states a claim upon which relief may be granted. He states a claim against the Defendants for breach of their DFR in their representations to him regarding the Board's June 2003 Decision. Rashid need not, according to law, and possibly cannot according to the facts, make a claim against his employer. The Defendants' Motion To Dismiss Rashid's Second Claim for Relief is OVERRULED. The analysis next turns to Rashid's Demands.

### Compensatory Damages

The Defendants argue that the only allegation that Rashid makes about his alleged injuries is that he suffered a "loss of earnings and benefits and other damages." (Compl. ¶26.) As such, this demand, according to the Defendants,  is insufficient to constitute a claim for legal relief.

In support of this allegation, the Defendants cite *Lynch v. Pan American World Airways*, Inc., 475 F.2d 764 (5th Cir. 1973). In *Lynch*, the Fifth Circuit was addressing whether an employee was entitled to a jury trial in a complaint that was framed under 1870 civil rights law and sought reinstatement with back pay plus compensatory and punitive damages.  However, the Fifth Circuit was not addressing a DFR claim in *Lynch* and did not indicate that reinstatement, back pay, compensatory damages and punitive damages were not appropriate.

Union conduct may support damages against the union if the union's conduct is a "but-for" cause of those damages. *Wood v. International Brotherhood of Teamsters, Chauffeurs, Warehouseman and Helpers of America, Local 406*, 807 F. 2d 493, 502 (6th Cir. 1986), cert. denied, 483 U.S. 1006 (1987).  "[C]ourts have held unions not liable for breaches of their duty of

fair representation absent evidence that but for the union's conduct, the employee would not have been injured." *Id.* (quoting *Anderson*, 641 F.2d at 580 n.8).

Rashid's Complaint alleges a loss of earnings and benefits and other damages. It also alleges that the Defendants' conduct regarding the attachment of page eighteen (18) to the Board's June 2003 Decision is a "but-for" cause of these damages. Further, Fed.R.Civ.P. 8(a)(2) only requires a short and plain statement of the claim that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 46 (1957). Therefore, Rashid's demand for loss of earnings and benefits and other damages is sufficient and the Defendants' Motion To Strike Rashid's Demand for compensatory damages is OVERRULED.

## Punitive Damages

The Defendants argue that Rashid is not entitled to received punitive damages in this case. Rashid responds that he is entitled to punitive damages.

The Sixth Circuit has several times held that punitive damages are not available from a union in DFR actions. *See e.g.*, *Wilson v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 83 F.3d 747, 755 (6th Cir. 1996)("it is clear that punitive damages are not available against a union for breach of the duty of fair representation), *cert. denied*, 519 U.S. 1041 (1996); *United Transportation Union, Local 74 v. Consolidated Rail Corp.*, 881 F.2d 282 (6th Cir. 1989)("punitive damages…are not available in breach of duty of fair representation cases"), *vacated and remanded*, 494 U.S. 1051 (1990) (vacated and remanded for reasons other than attorneys' fees); *Wood*, 807 F.2d 493 ("A court will not award sanctions that are solely punitive against a union"). *Wilson* involved a hybrid

claim alleging an employer's breach of a collective bargaining agreement and a union's breach of its DFR. *United Transportation* involved a DFR claim by a local union against a national union regarding the national union's actions in the merger of eight bankrupt railroads into Conrail. In *Wood*, the alleged DFR breach involved the union's actions both apart from and during an arbitration.

Rashid's only argument is that the Sixth Circuit's reasoning "does not make sense when the union engages in actions that would amount to fraud under state law and the analogous state law claim permits recovery of punitive damages." This argument is, however, not well founded. First, the union's actions in *United Transportation* could arguably have been considered fraudulent and the Sixth Circuit found there that punitive damages were not available. Second, should Rashid have wished to bring a fraud claim pursuant to Ohio law, he presumably could have done so.

In summary, pursuant to Sixth Circuit precedent, Rashid is not entitled to punitive damages for his DFR claim. The Defendants' Motion To Strike Rashid's Demand for punitive damages pursuant to Rule 12(f) is GRANTED.

### Attorneys' Fees

The Defendants argue that Rashid is not entitled to attorneys' fees in this matter. Rashid responds that he is entitled to attorneys' fees.

"Under the American Rule, unless a contract or a statute expressly authorizes an award of attorneys' fees, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Wilson*, 83 F.3d at 753 (quoting *Alyeska Pipeline Services Co. V. Wilderness Society*, 421 U.S. 240, 247 (1975)). "The American Rule's failure to fully

compensate an injured party is justified by the rationale that, 'since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel.'" *Shimman v. International Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984)(quoting *Fleischmann Distilling Corp. V. Maier Brewing Co.*, 386 U.S. 714, 718 (1967)), *cert. denied*, 469 U.S. 1215 (1985). Further, claims for attorneys' fees are to be examined on a case-by-case basis, *Wood*, 807 F.2d at503, and the Sixth Circuit has identified several exceptions to this rule.

First, attorneys' fees are recoverable as damages against union defendants in cases where the damages arise from a union's breach of the DFR and are for attorneys' fees reasonably incurred in pursuing a claim against the employer for breach of the collective bargaining agreement. *Wilson*, 83 F.3d at 753. Courts have found equitable exceptions to the American Rule identified as the "common benefit or common fund" exception, the "wilful disobedience of a court order" exception and the "bad faith" exception. *Id.* at 754 (citing *Alyeska*, 421 U.S. at 257-59).

The "bad faith" exception allows attorney fees in certain exceptional cases where the opposing party has acted in bad faith. *Shimman*, 744 F.2d at 1229. The "bad faith" generally falls into one of three categories: (1) bad faith occurring during the course of the litigation; (2) bad faith in bringing an action or in causing an action to be brought; and (3) bad faith in the acts giving rise to the substantive claim. *Id.* at 1230. However, the Sixth Circuit has held that, "the bad faith exception does not apply where there is no bad faith after the original claim arises" and

-11-

the bad faith exception does not allow an award of attorneys' fees based only on bad faith in the conduct giving rise to the underlying claim. *Id.* at 1232-33.

In this case, the only argument for attorneys' fees offered by Rashid is a policy argument. Rashid's policy argument is that plaintiffs in DFR cases are typically working class people that have recently endured hardship relating to their employment and do not have the resources to pursue legal action. As a result, this type of people has little incentive to challenge egregious conduct by labor unions. However, it is the "poor" people that the American Rule is designed to protect. If they could be liable for the union's attorneys' fees if they were unsuccessful, they might be discouraged from bringing the lawsuit.

Rashid also cites *Richardson v. Communication Workers of America AFL-CIO* for the proposition that the intentional failure of a labor union to discharge its fiduciary duty to nonmember employees represented bad faith and established plaintiff's right to recover attorneys' fees. 530 F.2d 126, 132 (8th Cir. 1976), *cert. denied*, 429 U.S. 824 (1976). However, the Sixth Circuit specifically rejected this proposition in *Shimman*. 744 F.2d at 1233.

Rashid's policy argument is not well founded. In addition, Rashid has not set forth facts in his Complaint that support a "bad faith" exception to the American Rule. Also, Rashid has not brought a breach-of-contract claim against his employer which might result in damages against the Defendants in the form of attorneys' fees. Therefore, the Defendants' Motion To Strike Rashid's Demand for attorneys' fees pursuant to Rule 12(f) is GRANTED.

## SUMMARY

Rashid's First Claim for Relief for violation of the LMRDA is dismissed with prejudice at the request of Rashid and the agreement of the Defendants. Further, Rashid's Complaint sets

forth allegations of a viable claim for violation of the Defendants' DFR. Therefore, the Defendants Motion To Dismiss is GRANTED IN PART and OVERRULED IN PART. Rashid's First Claim for Relief for violation of the LMRDA is dismissed and Rashid's Second Claim for Relief for violation of the DFR remains to be adjudicated.

      Rashid is entitled to pursue compensatory damages pursuant to his allegation that he has suffered a loss of earnings and benefits and other damages. Further, pursuant to Sixth Circuit precedent, Rashid is not entitled to punitive damages from the Defendants. He is also not entitled to attorneys' fees at this time. Therefore, the Defendants' Motion To Strike is GRANTED IN PART and OVERRULED IN PART. Rashid's Demand for punitive damages and attorneys' fees is STRUCK. Rashid may seek compensatory damages and is not precluded from seeking attorneys' fees as a result of future actions by the Defendants.

      **DONE** and **ORDERED** in Dayton, Ohio, this Fourth day of May, 2005.

s/Thomas M. Rose

_____
          THOMAS M. ROSE
     UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record